**Sa'ad BASHIR, Plaintiff,**

v.

**SUPREME COURT OF OHIO,
Defendant.**

**Civ. No. C–1–80–317.**

United States District Court,
S. D. Ohio, W. D.

Nov. 20, 1980.

**290**

James R. Rimedio, Cincinnati, Ohio, for plaintiff.

Thomas V. Martin, Columbus, Ohio, for defendant.

### ORDER

CARL B. RUBIN, Chief Judge.

■ This matter is before the Court upon defendant's motion to dismiss for failure to state a claim upon which relief can be granted pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure. In accordance with the procedure prescribed by Rule 12(b)(6), where matters outside the pleadings are presented to and not excluded by the Court, this motion will be treated as a motion for summary judgment and disposed of as provided in Rule 56.

Rule 56(c) permits the Court to grant summary judgment when there is no genuine issue of material fact and when the moving party is entitled to judgment as a matter of law. *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 64 S.Ct. 724, 88 L.Ed. 967 (1944); *Tee–Pak, Inc. v. St. Regis Paper Co.*, 491 F.2d 1193, 1195 (6th Cir. 1974). In deciding a motion for summary judgment, the movant has the burden of showing conclusively that there exists no genuine issue as to any material fact and the evidence together with all inferences to be drawn therefrom must be read in a light most favorable to the party opposing the motion. *Smith, et al. v. Hudson, et al.*, 600 F.2d 60 at 63 (6th Cir. 1979); citing *Adickes v. Kress & Co.*, 398 U.S. 144, 157, 158–159, 90 S.Ct. 1598, 1609, 26 L.Ed.2d 142 (1970); *United States v. Diebold*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (*Per curiam*); *United States v. Articles of Device, etc.*, 527 F.2d 1008, 1011 (6th Cir.

1976); *Ott v. Midland–Ross Corp.*, 600 F.2d 24 (6th Cir. 1979).

The facts that gave rise to this dispute are as follows: Plaintiff Sa'ad Bashir, is a citizen of Pakistan. He is a graduate of Panjab University Law School in Lakor, Pakistan and is a licensed attorney in Pakistan. Plaintiff was admitted to the United States as an immigrant, and is a permanent resident of Cincinnati, Ohio. On July 23, 1979 plaintiff made an application for admission without examination to the Supreme Court of Ohio and on September 12, 1979, the Supreme Court denied his application.

Plaintiff now brings this action and contends that defendant's denial of his application violated the Equal Protection Clause of the Fourteenth Amendment, constitutes an invidious discrimination in violation of the due process clause of the Fifth Amendment, results in an unlawful impairment of his ability to practice his profession and earn a living, is a violation of the Supremacy Clause of the Constitution of the United States, and is violative of the Naturalization powers granted the Federal Government in Article 1, § 8. Plaintiff also contends that the actions of defendant are in violation of 8 U.S.C. § 1153(a)(8) and 8 U.S.C. § 1182(a)(14).

■ Jurisdiction of this Court is properly invoked pursuant to 28 U.S.C. § 1343(3). We reject defendant's contention that this Court is barred by the Eleventh Amendment from exercising subject matter jurisdiction. The Eleventh Amendment does not bar federal court suits against state officers or agencies for declaratory or injunctive relief. *Ex parte Young*, 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *Edelman v. Jordan*, 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1973).

■ The traditional test of equal protection is used whenever a classification does not burden the exercise of a fundamental right and is not based upon a suspect criteria. *Dandridge v. Williams*, 397 U.S. 471, 90 S.Ct. 1153, 25 L.Ed.2d 491 (1970). However, where the classification is

based upon a suspect criteria (i. e., race, religion, or national origin); or where the classification penalizes a fundamental right the standard of "strict scrutiny" is appropriate. *Graham v. Richardson*, 403 U.S. 356, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971).

In the instant case, no classification is made on the basis of a suspect criterion. Plaintiff would not be eligible for admission to the Ohio bar without an examination even if he were a citizen. Rule 1, § 8(A)(b) of the Rules for the Government of the Ohio Bar requires a certificate of admission as an attorney in the highest court of another state or in the District of Columbia in order to gain admission to the practice of law in Ohio without an examination. Plaintiff has not been admitted to practice anywhere in the United States. Mr. Bashir has been treated the same as any United States citizen and was required to pass the written bar examination.

Absent a demonstration by the plaintiff that the challenged classification is based on a suspect criteria or the impairment of a fundamental right, a state's professional licensing statute is deemed constitutional if it is rationally related to a valid state objective. *Schware v. Board of Bar Examiners*, 353 U.S. 232, 77 S.Ct. 752, 1 L.Ed.2d 796 (1959). Ohio's state interest in promulgating Rule 1, § 8(A)(b) is to protect the public and to assure a competent bar. *Murphy v. State Board of Law Examiners*, 429 F.Supp. 16 (E.D.Pa.1977). The state has a constitutionally permissible and substantial interest in determining whether an applicant possesses the character and general fitness requisite for an attorney and counselor–at–law. *In re Griffiths*, 413 U.S. 717, 722, 93 S.Ct. 2851, 2855, 37 L.Ed.2d 910 (1973). The state has the power to require high standards of qualification, such as good moral character or proficiency in the law before it admits an applicant to the bar. States maintain power over admission of attorneys to the bar as an incident to their broader responsibility for keeping the administration of justice and the standards of professional conduct unsullied. *Schware v. Board of Bar Examiners*, 353 U.S. 232, 239,

77 S.Ct. 752, 756, 1 L.Ed.2d 796 (1957); *Ross v. Reda*, 510 F.2d 1172 (6th Cir. 1975), *cert. denied* 423 U.S. 892, 96 S.Ct. 190, 46 L.Ed.2d 124 (1975). The only constitutional requirement is that the standards or qualifications required have a rational connection with the applicant's fitness or capacity to practice law. *Schware v. Board of Bar Examiners, supra.* A bar examination tests those skills and knowledge which have a logical, apparent relationship to those necessary to the practice of law. *Tyler v. Vickery*, 517 F.2d 1089 (5th Cir. 1975), *cert. denied* 426 U.S. 940, 96 S.Ct. 2660, 49 L.Ed.2d 393 (1976).

Plaintiff's due process claims are likewise barred. Rule 1, § 8 is a valid exercise of the inherent power of the Ohio Supreme Court to regulate and control the practice of law before the courts of this state. The regulation is reasonable and bears a fair relationship to the object sought to be attained. *Kelley v. Johnson*, 425 U.S. 238, 247, 96 S.Ct. 1440, 1445, 47 L.Ed.2d 708 (1975).

Rule 1, § 8 in no way impinges on the federal government's right to control immigration and naturalization in violation of the Supremacy Clause of the Constitution or 8 U.S.C. §§ 1153(a)(8) and 1182(a)(14). Plaintiff was not required to be a citizen in order to practice law in Ohio and was in no way burdened above and beyond that of a citizen of the United States. The state is merely taking those constitutionally permissible steps necessary to promote and safeguard its interest in the qualifications of those admitted to practice law in its courts. *In re Griffiths*, 413 U.S. 717, 725, 93 S.Ct. 2851, 2856, 37 L.Ed.2d 910 (1973).

Accordingly, plaintiff's motion to dismiss is hereby GRANTED.

IT IS SO ORDERED.