**Sa'ad BASHIR, Plaintiff-Appellant,**

v.

**The SUPREME COURT OF OHIO,
Defendant-Appellee.**

**No. 80–3807.**

United States Court of Appeals,
Sixth Circuit.

June 22, 1981.

Jim Rimedio, Cincinnati, Ohio, for plaintiff-appellant.

Thomas V. Martin, Columbus, Ohio, for defendant-appellee.

Before KEITH, BOYCE F. MARTIN, Jr. and JONES, Circuit Judges.

PER CURIAM.

Plaintiff Sa'ad Bashir appeals an adverse summary judgment dismissing his equal protection claim against the Supreme Court of Ohio. Bashir is a citizen of Pakistan, a graduate of Punjab University Law School, and a licensed attorney in Pakistan. Bashir immigrated to the United States, and now resides permanently in Cincinnati, Ohio. Bashir applied for admission to practice law in Ohio, and was scheduled to take the July 1979 bar examination. On July 23, 1979, Bashir asked for leave to withdraw from the examination in order to apply for admission to the Bar on motion without an examination. The Supreme Court of Ohio denied Bashir's application for admission on motion with the option to sit for the bar exam because he is neither a member of any state Bar nor a citizen of the United States.

Because of *In re Griffiths*, 413 U.S. 717, 93 S.Ct. 2851, 37 L.Ed.2d 910 (1973), the rules of the Supreme Court of Ohio do not require citizenship for an applicant to sit for the bar examination. We are assured that the application form will be corrected to reflect this rule. Citizenship continues, however, to be a requirement for admission by motion.

Bashir brought suit against the court, alleging that the citizenship requirement violates the Equal Protection Clause of the Fourteenth Amendment, the due process clause of the Fifth Amendment, the Supremacy Clause, and the Naturalization Powers of Article 1 § 8. He also claims that the citizenship requirement unlawfully impairs his ability to practice his profession and earn a living.

Without giving notice to the parties, the District Court, 501 F.Supp. 288 (1980), treated the court's 12(b)(6) motion as one for summary judgment and dismissed Bashir's complaint on the ground that the court's Rule 1 § 8(A)(b) does not classify applicants on the basis of a suspect criterion. The District Court reasoned that Bashir would not be eligible for admission without examination even if he were a citizen, since the Rule requires that an applicant possess a certificate of admission to the highest court of another state or the District of Columbia. Bashir has not been

admitted to any other state Bar. Therefore, the court reasoned, he received the same treatment as any other citizen, and was not denied equal protection of the law. The District Court also dismissed Bashir's due process claim, reasoning that Rule 1 § 8 is a reasonable means of regulating the practice of law and bears a fair relationship to that object.

On appeal, Bashir reiterates the argument that Ohio Rule 1 § 8 invidiously discriminates against aliens in violation of the Equal Protection clause. He contends that the trial judge erred in failing to submit the rule to "strict scrutiny" under *Graham v. Richardson*, 403 U.S. 365, 91 S.Ct. 1848, 29 L.Ed.2d 534 (1971).

We agree with the District Court that Bashir cannot challenge the Ohio requirement of an affidavit of citizenship. Section 8(A)(b) requires an applicant to possess "a certificate of admission as an attorney at law in the highest court of another state or in the District of Columbia." Bashir concedes that he is not admitted to practice anywhere in the United States. Therefore, he is clearly ineligible under the Rule for admission on motion notwithstanding his Pakistani citizenship. Were we to hold that Bashir had been denied equal protection of the laws, we would be powerless to fashion a remedy since Bashir is otherwise ineligible under the Rule. This court is powerless to require Ohio to admit Bashir to its Bar, the only relief he seeks in his complaint.

Accordingly, the judgment of the District Court is affirmed.