Lawrence A. SALIBRA, II,
Plaintiff-Appellant,

v.

SUPREME COURT OF OHIO, et al.,
Defendants-Appellees.

No. 83–3088.

United States Court of Appeals,
Sixth Circuit.

Argued Feb. 17, 1984.

Decided April 3, 1984.

Rehearing and Rehearing En Banc
Denied May 25, 1984.

Peter D. Miller, Cleveland, Ohio, for plaintiff-appellant.

Anthony J. Celebrezze, Atty. Gen. of Ohio, David E. Northrop, Asst. Atty. Gen. (argued), Columbus, Ohio, for defendants-appellees.

Federal Bar Association, Arlington, Va., American Corporate Counsel Ass'n, Washington, D.C., for amicus curiae.

Before LIVELY, Chief Judge, KENNEDY, Circuit Judge, and TAYLOR, District Judge.*

CORNELIA G. KENNEDY, Circuit Judge.

This case involves a challenge to a rule of admission to the bar of the State of Ohio. Appellant Lawrence Salibra (Salibra) is an attorney, a member of the Wisconsin, Illinois and New York bars. He wishes to be admitted to practice law in Ohio without taking the Ohio Bar examination, but is precluded by a rule of the Supreme Court of Ohio. Salibra challenges the constitutionality of this rule on equal protection and right to travel grounds, asking for a declaratory judgment. The District Court dismissed his claim *sua sponte* under Fed. R.Civ.P. 12(b)(6) for failure to state a claim, and we affirm.

Rule I, § 8[1] of the Supreme Court Rules for the Government of the Bar of Ohio

governs admission to the bar without examination.[2] Subsection (A)(e) requires that the applicant furnish:

> (e) evidence showing that applicant has, *while a non-domiciliary of Ohio and for at least five years*, engaged in legal work *outside Ohio* of such character and description as shall satisfy this court that the applicant possess the legal skills deemed adequate for admission to the practice of law in Ohio without examination ....

(Emphasis added.)

Salibra graduated from law school in 1974, practiced for a private firm in Illinois for two years, and then began work as corporate counsel for Alcan Aluminum Corp. in Cleveland, Ohio. He has continued to work for Alcan since 1976. Salibra has been able to practice law in Ohio for the last several years without being admitted to the bar by virtue of Ohio Supreme Court rule VII(5):[3]

> (5) Every attorney admitted to the practice of law in another state, but not in Ohio who performs legal services in this state solely for his employer as a full-time employee shall also file a Certificate of Registration and pay the fee as required by the foregoing sections of this Rule. Said registration shall continue in force only so long as such attorney is so employed.

Salibra argues that rule I, § 8(A)(e) violates equal protection and denies him his right to travel because it requires five years of legal practice *outside* Ohio for admission without examination.

## I.

■ In his brief Salibra argued that the District Court should not have dismissed his action *sua sponte* for failure to state a claim, without first having given him a

---

* Honorable Anna Diggs Taylor, United States District Court for the Eastern District of Michigan, sitting by designation.

1. Now rule I, § 9.

2. Salibra maintains that he meets all the requirements for admission to the bar without examination except those contained in subsection (e).

3. Now rule VI(5).

hearing or a chance to submit a written argument. We recently disapproved of such *sua sponte* dismissals on the merits in *Tingler v. Marshall*, 716 F.2d 1109 (6th Cir.1983).[4] Under *Tingler*, a district court, when faced with a complaint which it believes may be subject to dismissal, must:

1) allow service of the complaint upon the defendant;

2) notify all parties of its intent to dismiss the complaint;

3) give the plaintiff a chance to either amend the complaint or respond to the district court in its notice of intended *sua sponte* dismissal;

4) give the defendant a chance to respond or file an answer to motions;

5) if the claim is dismissed, state its reasons for the dismissal.

The District Court in Salibra's case omitted steps 2 through 4, and its dismissal was consequently improper under *Tingler*. Counsel for Salibra has requested by letter, however, that we decide the case on the merits. In view of this request and the posture in which the case reaches up, we will not remand this case to the District Court for further proceedings. The case was decided prior to our decision in *Tin-*

*gler*, and is now before us fully briefed on the merits. The parties agree that the issues involve solely questions of law, fully reviewable by this court. In *Tingler* we criticized *sua sponte* dismissals on the merits as being ultimately wasteful of judicial resources. In the interest of conservation of those resources we now address the merits of Salibra's case.

## II.

Salibra points out that if he had practiced law in any state other than Ohio for the past five years as a resident of any other state, he would now be eligible for admission to the Ohio Bar without examination. Because he chose to practice in Ohio, however, he must now take the bar examination to become a member. He submits that this is a violation of the equal protection clause of the Fourteenth Amendment. Salibra argues that the equal protection clause forbids Ohio from crediting only work done outside Ohio for admission to the bar without examination.

▆▆▆ Salibra has the burden of demonstrating the unconstitutionality of the challenged classification. *Parham v. Hughes*, 441 U.S. 347, 351, 99 S.Ct. 1742, 1745, 60 L.Ed.2d 269 (1979).[5] The classification is

---

4. *See Martin v. Johnson*, 471 F.2d 704, 705 (6th Cir.1973) ("this Court does not encourage dismissal of a complaint without notice to the plaintiffs or without affording them an opportunity to be heard"); *Brown v. Strickler*, 422 F.2d 1000, 1002 (6th Cir.1970) ("dismissals of suits under the Civil Rights Act without notice to the plaintiffs and without providing at least some opportunity to argue in opposition thereto are not favored"). Two other Circuits have adopted this rule: *Jefferson Fourteenth Assoc. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524 (11th Cir. 1983), and *Dodd v. Spokane County*, 393 F.2d 330 (9th Cir.1968) (plaintiff should at least have opportunity to submit written arguments).

   To the contrary are *Bryson v. Brand Insulations, Inc.*, 621 F.2d 556 (3rd Cir.1980); *Leonhard v. U.S.*, 633 F.2d 599, (2d Cir.1980), *cert. denied*, 451 U.S. 908, 101 S.Ct. 1975, 68 L.Ed.2d 295 (1981); and *Tamari v. Bache & Co.*, 565 F.2d 1194 (7th Cir.1977), *cert. denied*, 435 U.S. 905, 98 S.Ct. 1450, 55 L.Ed.2d 495 (1978), which hold that a district court does have the power to dismiss a complaint *sua sponte* for failure to state a claim without providing a hearing.

   *Tingler* did not address, nor do we, *sua sponte* dismissals where the district court clearly lacks jurisdiction. *See Brown v. Strickler*.

5. *Parham v. Hughes* and other cases cited which deal with equal protection challenges refer generally to "state laws" and "legislative classifications". The rule at issue here was not enacted by the Ohio State legislature, but was rather promulgated by the Ohio Supreme Court, also a popularly elected body, acting in a quasi-judicial capacity. However, we believe that the same analysis applies here to state court-created rules as to state legislative enactments. The Supreme Court noted in *Konigsberg v. State Bar of California*, 366 U.S. 36, 45, 81 S.Ct. 997, 1003, 6 L.Ed.2d 105 (1961), which involved a challenge on grounds of violation of fourteenth amendment protection against arbitrary state action, "[t]he fact that [a] rule finds its source in the supervisory powers of the California Supreme Court over admissions to the bar, rather than in legislation, is not constitutionally significant." We believe that this distinction is likewise not significant for purposes of fourteenth amendment equal protection challenges. *See In re*

not based on a "suspect class" or other immutable human attribute and does not involve a "fundamental right",[6] and so need have only a reasonable basis to pass constitutional muster. *Id.; Minnesota v. Clover Leaf Creamery Co.,* 449 U.S. 456, 464, 101 S.Ct. 715, 723, 66 L.Ed.2d 659 (1981); Vance v. Bradley, 440 U.S. 93, 97, 99 S.Ct. 939, 942, 59 L.Ed.2d 171 (1979); *Dandridge v. Williams,* 397 U.S. 471, 485, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970); *Lindsley v. National Carbonic Gas Co.,* 220 U.S. 61, 79, 31 S.Ct. 337, 340, 55 L.Ed. 369 (1910); *Lowrie v. Goldenhersh,* 716 F.2d 401, 408–09 (7th Cir.1983). *See Schware v. Board of Bar Examiners,* 353 U.S. 232, 239, 77 S.Ct. 752, 756, 1 L.Ed.2d 796 (1957) ("any qualification [for the bar] must have a rational connection with the applicant's fitness or capacity to practice law").

We find that there is a rational basis for the Ohio Supreme Court's distinction between work performed inside Ohio under a special rule and work performed outside of Ohio. A first rationale, noted by the District Court, is that the Ohio rule encourages attorneys who come into the state with less than five years of legal practice to take the bar immediately. Although the state will permit an attorney to practice law for a corporate employer without admission to the bar, concerns of knowledge and competency in Ohio law argue for a policy encouraging these corporate employees to take the bar exam soon after arrival in the state. A policy which would allow such attorneys to gain admission without examination after five years of practice would encourage them to practice without taking the bar, and this could have an adverse effect on the level of competence in corporate practice. A state's interest in regulating the practice of law within its borders is compelling, because

lawyers are essential to the primary governmental function of administering justice. *Goldfarb v. Virginia State Bar,* 421 U.S. 773, 792, 95 S.Ct. 2004, 2015, 44 L.Ed.2d 572 (1975); *Bashir v. Supreme Court of Ohio,* 501 F.Supp. 288, 291 (S.D. Ohio 1980), *aff'd,* 652 F.2d 641 (6th Cir. 1981). *See In re Griffiths,* 413 U.S. 717, 722–23, 93 S.Ct. 2851, 2855–56, 37 L.Ed.2d 910 (1973); *Konigsberg v. State Bar of California,* 366 U.S. 36, 52, 81 S.Ct. 997, 1007, 6 L.Ed.2d 105 (1961).

The Ohio rule's classification also has the reasonable goal of encouraging experienced attorneys to come into Ohio to practice law. Such encouragement is not necessary for attorneys in Salibra's position who have already been practicing law in Ohio for at least five years.

Moreover, Salibra is not being treated unequally in this case. On the contrary, he has received special treatment for the past eight years. The Ohio rules generally require that all persons practicing law in Ohio be members of the Ohio Bar.[7] Salibra has been able to practice law in Ohio only by virtue of the special exception applicable to corporate lawyers under rule VII, (5). The point here is not whether attorneys employed by corporations have any more or less experience than attorneys otherwise employed. The salient issue is rather that for the past eight years the Ohio Supreme Court has given Salibra special treatment not accorded most lawyers. Now Salibra argues that *because* Ohio has allowed him to practice for more than five years without being admitted to the bar, it must now grant him the additional benefit of admission without examination. We fail to see how Salibra, who has received special treatment to this time, can now be a victim of an equal protection violation.

*Griffiths,* 413 U.S. 717, 93 S.Ct. 2851, 37 L.Ed.2d 910 (1973); *Lowrie v. Goldenhersh,* 716 F.2d 401 (7th Cir.1983); *Bashir v. Supreme Court of Ohio,* 652 F.2d 641 (6th Cir.1981); *Hawkins v. Moss,* 503 F.2d 1171 (1974), *cert. denied,* 420 U.S. 928, 95 S.Ct. 1127, 43 L.Ed.2d 400 (1975).

**6.** *Lowrie v. Goldenhersh,* 716 F.2d 401, 412 (7th Cir.1983) (no fundamental right to be admitted

to the bar without examination); *see also City of New Orleans v. Dukes,* 427 U.S. 297, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976) (performance of economic activity is not a fundamental right for purposes of equal protection analysis).

**7.** Supreme Court Rules for the Government of the Bar of Ohio, Rule I, § 1(E).

Salibra cites *Stein v. Coleman*, 214 U.S. P.Q. 118 (W.D.Mich.1982), a very similar case, in which a member of the Wisconsin Bar moved to Michigan to work as a patent attorney for a corporate employer. The attorney was allowed to practice in Michigan without admission to the bar by virtue of a Michigan rule allowing practice by corporate counsel.[8] Another Michigan rule [9] allowed admission without examination for attorneys who have "actively practiced law" for three of the five years preceding application. The Michigan Board of Law Examiners denied the plaintiff's application for admission without examination on the grounds that he had not "actively practiced law" within the meaning of the rule by practicing in Michigan under the special provision for corporate employees.

Plaintiff brought suit against the Michigan Supreme Court, alleging equal protection and right to travel violations. Defendants moved for summary judgment on the ground that plaintiff had failed to state a claim, but the District Court found that he had stated a claim. The court explained that there was no dispute that plaintiff was otherwise qualified for admission without examination, and would have been admitted had he engaged in patent law practice for a corporation for three years outside the State of Michigan. 214 U.S.P.Q. at 119.

■ We cannot agree with the court's reasoning in *Stein*. A plaintiff does not state a claim under the equal protection clause by showing that he has not been granted a particular privilege, when the privilege may be granted to others similarly situated. The lines drawn by a classification need not be perfect nor drawn with "mathematical certainty" in order to be constitutional. *Schweiker v. Wilson*, 450 U.S. 221, 234, 101 S.Ct. 1074, 1082, 67 L.Ed.2d 186 (1981); *Dandridge v. Williams*, 397 U.S. at 485, 90 S.Ct. at 1161; *Lindsley v. National Carbonic Gas Co.*, 220 U.S. at 79, 31 S.Ct. at 340. Perhaps a different result would obtain here if the state were to focus its rules so as explicitly

to grant the privilege of admission without examination to attorneys who have practiced for a certain time as corporate employees under special provisions in another state while not admitted to that state's bar. It would be difficult to find a rational basis for such a rule. The Supreme Courts of Michigan and Ohio, however, simply have general rules that allow attorneys who have practiced elsewhere for a certain time to be admitted to the bar without examination. They have chosen not to examine the particulars of such non-domiciliary practice, but rather to rely upon the standards of admission and practice in those other states. Attorneys coming from other states who are similarly situated to Salibra may be advantaged by this rule, but the fact that a rule results in some inequity does not mean that it violates the Constitution. *Schweiker v. Wilson*. 450 U.S. at 234, 101 S.Ct. at 1082; *Dandridge v. Williams*, 397 U.S. at 485, 90 S.Ct. at 1161; *Martin v. Walton*, 368 U.S. 25, 26, 82 S.Ct. 1, 2, 7 L.Ed.2d 5 (1961); *Phelps v. Board of Education*, 300 U.S. 319, 324, 57 S.Ct. 483, 485, 81 L.Ed. 674 (1936); *Lindsley v. National Carbonic Gas Co.*, 220 U.S. at 79, 31 S.Ct. at 340. The relevant inquiry is whether there is a rational basis for the rule, and we believe that there is.

### III.

■ Salibra argues that the Ohio rule penalizes him for his choice of residency, thereby violating his right to travel. Proper invocation of the right to travel would require the state to show a compelling justification, rather than simply a rational basis, for its rule. *Shapiro v. Thompson*, 394 U.S. 618, 634, 89 S.Ct. 1322, 1331, 22 L.Ed.2d 600 (1969). We find, however, that Salibra has not properly invoked this right.

■ The cases applying the right to travel doctrine involve laws which distinguished between newcomers to a state, who were denied fundamental rights, and residents of longer duration, who were ac-

---

8. Rules for the Board of Law Examiners, Rule 5D.

9. Rule 5A(6)(a).

corded such rights. *See Memorial Hospital v. Maricopa County,* 415 U.S. 250, 94 S.Ct. 1076, 39 L.Ed.2d 306 (1974); *Dunn v. Blumstein,* 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972); *Shapiro v. Thompson,* 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969). Salibra claims that he is penalized by the Ohio classification, but, unlike the plaintiffs in the above cases, Salibra is not the victim of unequal treatment on the basis of the duration of his residency in Ohio. Instead he is penalized as compared with certain non-residents of Ohio, i.e., those who have practiced law for at least five years outside of Ohio. Salibra here did not travel. He has been a resident of Ohio for some eight years, and, like any other Ohio resident who has not practiced law outside the state for at least five years, must take the examination to gain admission to the bar. Salibra cites to no case which finds a right to travel violation resulting from preferences given to *non*-residents.

 Even state regulation of the practice of law which may inhibit travel does not per se constitute a constitutional violation. *See Lowrie v. Goldenhersh,* 716 F.2d 401, 412–13 (7th Cir.1983) (rule requiring five years practice in licensing state for admission without examination valid); *Hawkins v. Moss,* 503 F.2d 1171, 1179 (4th Cir.1974), *cert. denied,* 420 U.S. 928, 95 S.Ct. 1127, 43 L.Ed.2d 400 (1975) (rule granting admission without examination only to members of bar in states granting reciprocity valid); *Moore v. Supreme Court of South Carolina,* 447 F.Supp. 527, 531 (D.S.C.1977), *aff'd,* 577 F.2d 735 (4th Cir.), *cert. denied,* 439 U.S. 984, 99 S.Ct. 574, 58 L.Ed.2d 655 (1978) (rule requiring graduation from ABA approved law school for admission valid).

The right to travel doctrine has been applied only to cases involving the denial of "vital benefits," *Califano v. Torres,* 435 U.S. 1, 4, 98 S.Ct. 906, 908, 55 L.Ed.2d 65 (1978), "fundamental rights" or "basic necessity of life," *Beil v. City of Akron,* 660 F.2d 166, 169 (6th Cir.1981); *Hayes v. Board of Regents,* 495 F.2d 1326, 1328 (6th Cir.1974). The doctrine has been applied, for example, to welfare assistance in *Shapiro v. Thompson;* to voting rights in *Dunn v. Blumstein;* and to non-emergency hospitalization in *Memorial Hospital v. Maricopa County.* Requiring Salibra to sit for and pass a bar examination to obtain admission to the Ohio bar does not amount to a denial of a basic necessity of life or a fundamental right. *Lowrie v. Goldenhersh,* 716 F.2d at 412.

We find that Salibra has no cause of action under either an equal protection or a right to travel theory, and the District Court properly dismissed this claim under Fed.R.Civ.P. 12(b)(6). Because we find it unnecessary to remand the case for further proceedings we do not address Salibra's claim that the case should be heard by a different judge on remand.

Accordingly, the judgment of the District Court dismissing appellant's claim is affirmed.