79 F.3d 1149
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Sanjay SAGAR, Plaintiff-Appellant,
v.
Gary DAVIS; Donald Zimmerman; Thomas Ryan, Defendants-Appellees.
 No. 95-1599.
 United States Court of Appeals, Sixth Circuit.
 March 13, 1996.
 
 Before: JONES, BOGGS and BATCHELDER, Circuit Judges.
 
 ORDER
 
 1
 Sanjay Sagar, a Michigan resident, appeals pro se the summary judgment for defendants in this action alleging civil rights and civil RICO violations. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking one million dollars, in addition to injunctive and declaratory relief, Sagar sued a police officer, police chief, and prosecutor, alleging that the defendants had violated his right to travel and engaged in a RICO conspiracy. The case arose out of a citation for speeding which was issued to Sagar but eventually dismissed when the police officer and prosecutor did not appear at a hearing. Sagar admits speeding, but contends that the issuance of a citation was a violation of his right to travel and an attempt to extort money from him in violation of RICO. The district court granted the defendants' motion for summary judgment after concluding that the complaint was utterly frivolous. Sagar reasserts his claims on appeal. Defendants have filed a motion for attorney fees and double costs pursuant to Fed.R.App.P. 38.
 
 
 3
 Upon review, we conclude that the summary judgment for the defendants must be affirmed, as there is no genuine issue of material fact and they are entitled to judgment as a matter of law. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). Sagar did not state a claim of violation of the right to travel, as he did not allege that he was the victim of unequal treatment in regards to a fundamental right on the basis of the duration of his residency in Michigan. See Salibra v. Supreme Court of Ohio, 730 F.2d 1059, 1064-65 (6th Cir.), cert. denied, 469 U.S. 917 (1984). He also could not survive a summary judgment motion on his RICO claim, as he did not show that he suffered any financial loss or injury. See Berg v. First State Ins. Co., 915 F.2d 460, 464 (9th Cir.1990).
 
 
 4
 Because this appeal was utterly frivolous, unreasonable, and without foundation, we grant defendants' motion for attorney fees and double costs. See Wrenn v. Gould, 808 F.2d 493, 505 (6th Cir.1987). Defendants are invited to submit a bill of costs and attorney fees within fourteen days of the entry date of this order.
 
 
 5
 The district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.